**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADISLAV BAZER, individually on behalf of a) class of similarly situated individuals, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:18-cv-02560 |
| | ) | |
| BREW DR. KOMBUCHA, LLC, an Oregon limited liability company, | ) ) | Judge Alonso |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(1),
12(B)(2), 12(B)(6) AND TO STRIKE CLAIMS**

Defendant, BREW DR. KOMBUCHA, LLC, through its undersigned counsel, for its motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6) and to strike claims, states as follows:

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff initiated this four count nationwide putative class action to prosecute causes of action apparently under the laws of all states and federal jurisdictions, 50 out of 51[1] to which he has no connection, does not reside, and suffered no injury. *Doc*#1. Plaintiff pursues an incredibly vague Count I "For Violations of Consumer Protection Laws" under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*., ("ICFA"), "as well as other materially identical consumer fraud statutes enacted by states throughout the country." *Doc*#1 ¶ 42. Plaintiff does not identify any of the other statutes. Plaintiff's Counts II-IV also assert nationwide express warranty, implied warranty and unjust enrichment claims under the untenably conflicting laws of 51 different jurisdictions. *Doc*#1 ¶¶ 51-68.

---

[1] Includes the District of Columbia.

301855299v1 1007732

A.    **Plaintiff's Allegations Regarding Labeling and the Purported Purchase or Lack Thereof of Defendant's Products**

Plaintiff alleges that "various" kombucha drink products manufactured by defendant, *Doc*#1 ¶ 1, were improperly labeled because the product packaging misrepresented the amount of probiotic bacteria in the product. *Doc*#1 ¶¶ 22, 26-28. Specifically, plaintiff identifies the partial phrase "billions of probiotic bacteria" as the allegedly operative misleading statement. *Doc*#1 ¶¶ 22, 26-28.

Plaintiff, an Illinois resident, alleges he bought defendant's products from a Whole Foods retail store in Chicago, Illinois in January 2018. *Doc*#1 ¶¶ 9, 23. Plaintiff's complaint refers specifically to only two purchased products, "Love" and "Clear Mind", and their specific labels, including a purported reproduction of part of the labels for those two products. *Doc*#1 at 26. A close inspection of the labels for Love and Clear Mind demonstrate that they are not the same. *Doc*#1 at 26. As is relevant to this case, the label for Love indicates: "[e]ach bottle hosts billions of probiotic bacteria, beneficial yeasts and organic acids." The label for Clear Mind indicates: "[e]ach bottle hosts billions of beneficial bacteria, yeasts and organic acids." In other words, Clear Mind does not even use the phrase "billions of probiotic bacteria" and neither label uses the phrase "billions of probiotic bacteria" in isolation, without the word "billions" also referring to the two plural nouns coming after bacteria, namely "beneficial yeasts and organic acids" in the case of Clear Mind and "yeasts and organic acids" in the case of Love.

Plaintiff's complaint does not allege that the labels of any other "various" kombucha drink products manufactured by defendant are the same as Love or Clear Mind. Plaintiff also does not allege or identify the purchase of any other products other than Love and Clear Mind.

B.    **Summary of Argument**

1.    **Plaintiff Fails to Allege a Misrepresentation With Particularity and Rule 9(b) Supports Dismissal of Count I, as Well as the Entire Complaint Pursuant to Rule 12(b)(6).**

First, plaintiff's complaint should be analyzed under the requirements of Rule 9(b) because

when a plaintiff alleges consumer fraud, the heightened pleading standard of Rule 9(b) applies. *Parrot v. Family Dollar, Inc.*, 2018 U.S. Dist. LEXIS 77243, *10 (N.D. Ill. 2018) *citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Under Rule 9(b), a party who alleges fraud "must state with particularity the circumstances constituting the fraud …" *Id.* (quoting Fed. R. Civ. P. 9(b)). Here, plaintiff's complaint fails to comply with Rule 9(b) and fails to allege a required misrepresentation with particularity. Instead, plaintiff's complaint is *itself* misleading because the phrase "billions of probiotic bacteria" that plaintiff alleges is false in this case, *Doc*#1 ¶¶ 22, 26-28, is not even a phrase found on defendant's products. Clear Mind does not contain the phrase "billions of probiotic bacteria" at all and it is disingenuous for plaintiff to attempt to state a claim as to the Love label by omitting the words that come *after* bacteria. The actual phrase on Love states "billions of probiotic bacteria, beneficial yeasts and organic acids." Plaintiff does not (and cannot) allege that the actual sentence on Love is misleading. Rather, plaintiff is taking a truncated and partial portion of a sentence, citing it out-of-context and arguing it carries a different meaning. This renders the entire complaint akin to a strawman argument and it should be dismissed in on this basis pursuant to Rule 12(b)(6).

Furthermore, as indicated in this Court's decision in *Parrot*, 2018 U.S. Dist. LEXIS 77243 at *9-10, where, as here, plaintiff's ICFA claim is not distinct from plaintiff's breach of warranty claims, it is duplicative and also subject to dismissal.

### 2.    Plaintiff Lacks Standing for Products He Did Not Purchase.

Second, plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1), in part, to the extent it involves allegations regarding products that the plaintiff did not purchase because a plaintiff does not have Article III standing to bring claims for products not purchased. *See Cowen v. Lenny & Larry's, Inc.*, 2017 U.S. Dist. LEXIS 169929, *7-8 (N.D. Ill. 2017); *Porter v. NBTY, Inc.*, 2016 WL 6948379, *8-9 (N.D. Ill. 2016); *Kisting v. Gregg Appliances, Inc.*, 2016 U.S. Dist. LEXIS 139788, at *7-

301855299v1 1007732

12 (E.D. Wis. 2016) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)); *Padilla v. Costco Wholesale Corp.*, 2013 U.S. Dist. LEXIS 7990 (N.D. Ill. 2013); *Padilla v. Costco Wholesale Corp.*, 2012 U.S. Dist. LEXIS 87222 (N.D. Ill. 2012).

### 3. Plaintiff Cannot Maintain Claims Under the Laws of 50 Jurisdictions To Which He Has No Connection.

Third, plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), in part, because in attempting to sue under the laws of 51 different states and federal jurisdictions, plaintiff improperly encroaches on territory far beyond his home state. Plaintiff, who does not allegedly live in any state other than Illinois and who did not allegedly purchase any product in any state other than Illinois, cannot bring claims under the laws of any state other than Illinois because his claims are governed exclusively by the laws of the state in which he allegedly purchased the product, resides or else sustained injury. *See Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 914-15 (N.D. Ill. 2013) (where 19 out of 21 plaintiffs alleged that they resided in states other than Illinois and that they purchased chicken jerky treats and fed them to their pets in their home states, under Illinois choice of law, the laws of the states where each of the plaintiffs reside govern the claims alleged in the complaint); *see also Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 61 (2007).

### 4. All Nationwide Class Claims Should be Dismissed or Stricken.

Fourth, all claims brought on behalf of a nationwide class should be dismissed or stricken now because it is appropriate to strike class claims on the pleadings when the pleadings are facially defective and definitively establish that a class action cannot be maintained. *Cowen*, 2017 U.S. Dist. LEXIS 169929 at *9-10; *Cholly v. Uptain Grp., Inc.*, 2017 U.S. Dist. LEXIS 14449, at *9 (N.D. Ill. 2017); *Wright v. Family Dollar, Inc.*, 2010 U.S. Dist. LEXIS 126643, at *3-4 (N.D. Ill. Nov. 30, 2010). Considering nationwide class choice-of-law issues is appropriate at the pleadings stage, *Adkins*, 973 F. Supp. at 914, and here, there are obviously impossible variances and conflicts between the

consumer fraud, express warranty, implied warranty and unjust enrichment laws of 51 different jurisdictions. *See Cowen,* 2017 U.S. Dist. LEXIS 169929 at *8-13; *see In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.,* 2017 WL 1196990, at n.41 (N.D. Ill. 2017) (citing *Glenn v. Hyundai Motor Am.,* 2016 WL 3621280, at *9–10 (C.D. Cal. June 24, 2016).

5.    **All Nationwide Class Claims Are Also Foreclosed by *Bristol-Meyers Squibb* and Lack of Personal Jurisdiction Over Defendant.**

Fifth, separately and independently from the obvious choice-of-law and conflicts issues, all class allegations involving putative out-of-state class members should likewise be stricken pursuant to Rule 12(b)(2) because this district clearly holds that there is no personal jurisdiction over defendant as to the claims of out-of-state class members in this situation. *See Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.,* 2018 U.S. Dist. LEXIS 39754, *46-47 (N.D. Ill. 2018); *DeBernardis v. NTBY, Inc.,* 2018 U.S. Dist. LEXIS 7947 (N.D. Ill. 2018); *Greene v. Mizuho Bank, Ltd.,* 2017 U.S. Dist. LEXIS 202802 (N.D. Ill. 2017); *McDonnell v. Nature's Way Prods., LLC,* 2017 U.S. Dist. LEXIS 177892 (N.D. Ill. 2017); *Demedicis v. CVS Health Corp.,* 2017 U.S. Dist. LEXIS 19589 (N.D. Ill. 2017); *DeMaria v. Nissan North Am., Inc.,* 2016 U.S. Dist. LEXIS 11295 (N.D. Ill. 2016).

6.    **Plaintiff's Count II Claim For Breach of Express Warranty Should Be Dismissed For Failure to Allege Pre-Suit Notice.**

Sixth, Count II alleging breach of express warranty should be dismissed due to plaintiff's failure to allege pre-suit notice. As pointed out in *DeBernardis v. NTBY, Inc.,* 2018 U.S. Dist. LEXIS 7947, *8-9 (N.D. Ill. 2018), Illinois law requires pre-suit or pre-litigation notice to state a claim for breach of express warranty. 810 ILCS 5/2-607(3)(a). *See also Parrot v. Family Dollar, Inc.,* 2018 U.S. Dist. LEXIS 77243, *5-9 (N.D. Ill. 2018); *Ulrich v. Probalance, Inc.,* 2017 U.S. Dist. LEXIS 132202, *19-20 (N.D. Ill. 2017).

7.    **Plaintiff's Count III Claim For Breach of Implied Warranty Should Be Dismissed For Failure to Allege Pre-Suit Notice and Privity.**

Seventh, Count III should likewise be dismissed due to plaintiff's failure to allege pre-suit notice. Illinois law requires pre-suit notice for breach of implied warranty claims same as for breach of express warranty claims. *Parrot v. Family Dollar, Inc.*, 2018 U.S. Dist. LEXIS 77243, *5-9 (N.D. Ill. 2018); *Ibarrola v. Nutrex Research, Inc.*, 2012 U.S. Dist. LEXIS 155721, *17-18 (N.D. Ill. 2012). In addition, under Illinois law contractual privity is a prerequisite for breach of implied warranty claims for recovery of economic losses. *Ibarrola*, 2012 U.S. Dist. LEXIS at *22-23. Thus, implied warranties give "a buyer of goods a potential cause of action only against his immediate seller." *Id. citing Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 691 (1st Dist. 2007). In this case, plaintiff does not allege he purchased anything directly from defendant.

### 8. Plaintiff's Count IV Claim For Unjust Enrichment Should Be Dismissed For Failure to State a Claim.

Eighth, plaintiff's Count IV unjust enrichment claim should be dismissed because it is tied to plaintiff's Count I consumer fraud claim and thus fails for the same reasons Count I fails. *See Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

### 9. Plaintiff's Claims For Declaratory and/or Injunctive Relief Should Be Dismissed or Stricken.

Ninth, plaintiff's requests for declaratory and/or injunctive relief should be dismissed and/or stricken pursuant to Rules 12(b)(1) and 12(b)(6) because plaintiff has failed to allege a basis for assuming a future threat exists and because in order for plaintiffs to have standing to pursue either they must show that there is "evidence of a 'real and immediate' – and not just 'conjectural or hypothetical'—threat of a future violation of their rights." *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) *quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

## II. ARGUMENT

### A. Plaintiff Fails to Allege a Misrepresentation With Particularity and Rule 9(b) Supports Dismissal of Count I, as Well as the Entire Complaint Pursuant to Rule 12(b)(6).

301855299v1 1007732

The entire complaint should be dismissed for failure to be pled under the requirements of Rule 9(b) because when a plaintiff alleges consumer fraud, the heightened pleading standard of Rule 9(b) applies. Parrot, 2018 U.S. Dist. LEXIS 77243 at *10; *Pirelli*, 631 F.3d at 441. In this jurisdiction, not only must overt fraud claims be pled with particularity but also claims that "sound[] in fraud" – in other words, claims that are premised upon a course of allegedly fraudulent conduct. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Therefore, all of the claims in the complaint here qualify for 9(b) treatment.

As indicated above, in Count I, plaintiff pursues an incredibly vague statutory consumer fraud claim "For Violations of Consumer Protection Laws" under the ICFA "as well as other materially identical consumer fraud statutes enacted by states throughout the country." *Doc*#1 ¶ 42. Other than the ICFA, plaintiff does not even bother to identify any of the other purportedly "materially identical" statutes or even name the states' laws which plaintiff is claiming are relevant.

Likewise Counts II-IV of the complaint seek to allege express warranty, implied warranty and unjust enrichment claims on a nationwide basis but the complaint itself entirely fails to identify the statutes and states' laws under which these claims are brought. For instance, Count III alleges "[m]ost states' laws provide for enforcement of the implied warranty of merchantability through their adoption of the [Uniform Commercial Code] …" and then apparently proceeds to attempt to state a breach of implied warranty claim via "most states' laws …" against defendant. *Doc*#1 ¶ 58. This is obviously improper. It is not only improper under Rule 9(b), it is also improper under Rule 8 for the simple reason that it does not even provide defendant with adequate notice of the claims against it. *See In re VTech Data Breach Litig.*, 2018 U.S. Dist. LEXIS 65060, *27-28 (N.D. Ill. 2018) (on a multi-state unjust enrichment claim, plaintiff's failure to identify what statutes they were proceeding under and failure to identify the states' laws on which they based their claim called for dismissal pursuant to Rule 8).

301855299v1 1007732

In any event, the ICFA requires a misrepresentation, *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 671 (7th Cir. 2001), and plaintiff's complaint entirely fails to allege a misrepresentation. *See Parrot*, 2018 U.S. Dist. LEXIS 77243 at *9-10. As indicated above, it is plaintiff's complaint *itself* that is misleading – not defendant's labels. Rather, plaintiff's complaint is contradicted on its face by the very product labels it cites. Plaintiff's entire case is built upon a strawman argument that the phrase "billions of probiotic bacteria" actually exists on defendant's labels. *Doc*#1 ¶¶ 22, 26-28. However, the cited labels show that the phrase is not even found on defendant's products. Clear Mind does not contain the phrase "billions of probiotic bacteria" at all. Therefore, at a minimum, all claims pled in the complaint as to Clear Mind should be dismissed. Further, it is disingenuous for plaintiff to attempt to state a claim as to the Love label by omitting the words that come *after* bacteria. The actual phrase on Love states "billions of probiotic bacteria, beneficial yeasts and organic acids." Plaintiff does not (and cannot) allege that the actual entire sentence on Love is a misrepresentation. Rather, plaintiff is taking a truncated and partial portion of a sentence and citing it out-of-context to suit his argument. This is like saying the Declaration of Independence is false because it refers to "unalienable Rights" but only lists one such right: "Life…" Obviously, this ridiculous argument ignores that "Liberty and the pursuit of Happiness" comes just after "Life" in the sentence but that is essentially what plaintiff attempts via the complaint here.

Plaintiff should not be allowed to proceed on any claim sounding in fraud under these circumstances due to the application of Rule 9(b), as well as a matter of Rule 8. All of plaintiff's claims, Counts I-IV, are based on this same faulty and concocted alleged misrepresentation. Therefore, the entire complaint should be dismissed pursuant to Rule 12(b)(6).

Furthermore, as indicated in this Court's decision in *Parrot*, 2018 U.S. Dist. LEXIS 77243 at *9-10, where, as here, plaintiff's ICFA claim is not distinct from plaintiff's breach of warranty claims, it is duplicative and also subject to dismissal.

301855299v1 1007732

### B. All of Plaintiff's Claims for Relief Should Be Dismissed to the Extent They Involve Products that the Plaintiff Did Not Purchase.

To the extent the complaint vaguely involves "various" kombucha drink products that the plaintiff did not purchase, plaintiff should not be allowed to proceed pursuant to Rule 12(b)(1) because a plaintiff does not have Article III standing in this situation to bring claims for products he did not purchase. *See Cowen*, 2017 U.S. Dist. LEXIS 169929 at *7-8; *Porter*, 2016 WL 6948379; *Kisting*, 2016 U.S. Dist. LEXIS 139788, at *7-12 (citing *Lewis v. Casey*, 518 U.S. 343 (1996)); *Padilla*, 2013 U.S. Dist. LEXIS 7990; *Padilla*, 2012 U.S. Dist. LEXIS 87222.

Notably, plaintiff's complaint does not allege that the labels of any other "various" products manufactured by defendant are the same as Love or Clear Mind. Plaintiff also does not allege or identify the purchase of any other products other than Love and Clear Mind. Therefore, claims concerning any other products should not be part of this case.

*Cowen* emphatically supports dismissal as to the products not purchased by plaintiff. *Cowen*, 2017 U.S. Dist. LEXIS 169929 at *7-8. In *Cowen*, plaintiffs bought five cookie varieties from defendant, namely snickerdoodle, chocolate chip, double chocolate chip, peanut butter and birthday cake. *Id.* at *3. However, plaintiffs sued defendant in regard to fourteen different varieties of cookies, nine of which they did not purchase. *Id.* Defendant moved to dismiss all claims brought upon product varieties not purchased by any of the plaintiffs because the plaintiffs lacked standing. *Id.* at *6-7. The court agreed and dismissed the claims, holding that plaintiffs cannot "piggy-back on the injuries of unnamed class members in order to acquire standing through the back door of a class action." *Id.* at *8.

*Porter* also supports dismissal as to the products not purchased by plaintiff. *Porter*, 2016 WL 6948379 at *8-9. In *Porter*, plaintiffs alleged they purchased a product variety called "Body Fortress Super Advanced Whey Protein". *Id.* at *1. However, plaintiffs also sued as to two other variations of the product, "Body Fortress Super Advanced Whey Isolate" and "Met-Rx MyoSynthesis Whey". *Id.*

9

at *3. The court in *Porter*, in analyzing whether plaintiffs had standing to proceed with these claims, held that plaintiffs' claims as to the two variations of the product that they did not purchase could not go forward. *Id.* The same situation exists here.

Insofar as other courts have come to different conclusions on this issue, the analysis of *Kisting v. Gregg Appliances, Inc.*, 2016 U.S. Dist. LEXIS 139788, *7-12 (E.D. Wis. 2016), is particularly instructive. In *Kisting*, plaintiff filed a class action complaint concerning Samsung televisions and the advertised refresh rate of their screens. *Id.* at *1-4. Plaintiff sued as to several different television models but only alleged purchase of one of them. *Id.* at *2-4. On the pleadings, the court in *Kisting* engaged in a lengthy analysis of the current state of standing law nationwide on this issue, calling it "unsettled across the country" but "[g]enerally, the courts fall into three categories in analyzing this issue." *Id.* at *8. In the first category, are courts holding that an individual does not have standing to bring claims for products he did not purchase. *Id.* at *8-9 (collecting cases including citing *Lewis v. Casey*, 518 U.S. 343 (1996) and *Padilla*, 2012 U.S. Dist. LEXIS 87222. In the second category, courts have found that an individual does have standing to bring claims for products he did not purchase if the products are substantially similar. *Kisting*, 2016 U.S. Dist. LEXIS 139788, at *10 (collecting cases). "Finally, in the third category of cases, courts have found that the issue is not one of standing but of class certification and is better addressed at the Rule 23 class certification stage." *Id.* at *10 (collecting cases).

The court in *Kisting* held that the first approach – limiting claims to products actually purchased by the named plaintiffs – is the proper analysis to be applied in this Circuit. *Id.* at *10-11. "[A]fter reviewing the cases and considering all three approaches, I agree with the courts that hold that an individual does not have standing to bring claims for products he did not purchase." *Id.* at *10. The court arrived at this holding because the first category is the only category where the collected cases most comported with existing Supreme Court precedent on standing for an

301855299v1 1007732

individual, which as the Supreme Court said in *Lewis*, 518 U.S. at 357, does not change in the context of a class action suit. *Kisting*, 2016 U.S. Dist. LEXIS 139788, at *10-11. The court in *Kisting* also found the case of *Payton v. Cty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) instructive because there the Seventh Circuit warned against cases "where the named plaintiff is trying to piggy-back on the injuries of the unnamed class members…" *Payton* states:

> That, of course, would be impermissible, in light of the fact that 'a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.' *Id.* at 682 (citing *Allee v. Medrano*, 416 U.S. 802, 828–29 (1974)); *Kisting*, 2016 U.S. Dist. LEXIS 139788, at *10-11.

This Court should follow *Cowen*, *Porter* and *Kisting* and find that the named plaintiff does not have standing to bring claims for other "various" products in this case that he did not purchase. *See also Padilla v. Costco Wholesale Corp.*, 2013 U.S. Dist. LEXIS 7990 (N.D. Ill. 2013) (rejecting consumer fraud claims brought upon products not purchased); *Padilla v. Costco Wholesale Corp.*, 2012 U.S. Dist. LEXIS 87222 (N.D. Ill. 2012) (same).

Here, plaintiff's complaint does not allege that the labels of any other "various" products manufactured by defendant are the same as Love or Clear Mind. Plaintiff also does not allege or identify the purchase of any other products other than Love and Clear Mind. Therefore, he cannot proceed with any claims as to those products. This plaintiff should not otherwise be allowed to piggy-back on the injuries of unnamed class members through the back door of a class action and these claims should be dismissed pursuant to Rule 12(b)(1).

### C. Plaintiff Cannot Maintain Claims Under the Laws of 50 Jurisdictions to Which He Has No Connection.

Next, plaintiff's entire complaint should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6), in part, because in attempting to sue under the laws of 51 different states and federal jurisdictions, plaintiff improperly encroaches on territory far beyond his home state. There are no

301855299v1 1007732

allegations in the complaint connecting plaintiff to any other state other than Illinois. He certainly has not alleged a plausible claim under any other state law with particularity under Rule 9(b) in Counts I-IV. Therefore, all such claims should be dismissed.

Under applicable choice-of-law analysis, it is clear that federal courts sitting in Illinois follow Illinois' choice-of-law rules in determining which state's law governs a plaintiff's state law claims. *Adkins*, 973 F. Supp. 2d at 914. The Illinois Supreme Court has adopted the choice-of-law analysis of the Second Restatement of Conflict of Laws ("Second Restatement"). *Barbara's Sales*, 227 Ill. 2d at 61. The Second Restatement provides that "[w]hen the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 148 (1971); *see also Barbara's Sales*, 227 Ill. 2d at 66-67.

Here, plaintiff, an Illinois resident, alleges he bought defendant's products from a Whole Foods retail store in Chicago, Illinois in January 2018. *Doc*#1 ¶¶ 9, 23. Therefore, the purported misrepresentation was presumably relied upon in plaintiff's home state of Illinois. The complaint does not allege any facts suggesting a significant relationship to or alleged injury in any state other than Illinois. Rather, it is "obvious from the facts alleged in plaintiffs' own complaint that the laws of the [putative] plaintiffs' home states should be applied." *Adkins*, 973 F. Supp. 2d at 915. Unless some other state has a "more significant relationship" under the principles in Restatement Section 6, Illinois law is the only possible law that could govern any claims in plaintiff's Counts I-IV.

      **1.**      **Under Section Six Factors, Illinois Laws Exclusively Govern Plaintiff's Claims and All Claims for Violations of other Jurisdictions' Laws Fail.**

Of the seven factors in Section 6, the Illinois Supreme Court has singled out three of those

factors as relevant in misrepresentation cases: Sections 6(2)(b), (c), and (g). *See Barbara's Sales*, 227 Ill. 2d at 62. Section 6(2)(b) looks at "the relevant policies of the forum" state. Restatement (Second) of Conflict of Laws § 6. There are no policies in Illinois that favor applying foreign laws (*e.g.*, California) over the law of plaintiff's home state, where Clear Mind and Love were purchased, the alleged misrepresentations were made and relied upon by plaintiff, and the alleged injury occurred. *See id.* at 63 ("the relevant policy interest of Illinois would be to apply Illinois law to the claims of Illinois consumers"). Section 6(2)(c) looks at "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue." Restatement (Second) of Conflict of Laws § 6. Here, foreign states (*e.g.*, California) have no interest in protecting plaintiff, who is a non-citizen, non-resident and was injured outside of its borders. *See Barbara's Sales*, 227 Ill. 2d at 64 ("California has no interest in extending its laws to noncitizens and to actions that occurred outside of California borders"). Finally, Section 6(2)(g) looks at the "ease in the determination and application of the law to be applied." Restatement (Second) of Conflict of Laws § 6. Here, there is no doubt this Court is most well-versed in applying Illinois law, as opposed to other states. Accordingly, this factor favors Illinois too.

### 2. Plaintiff's Non-Illinois Claims Also Fail Because the Second Restatement Section 145 Factors Require Application of Illinois Law.

In the alternative to Section Six, the Court may apply Section 145 of the Second Restatement, which is applied generally to tort cases. *See Barbara's Sales*, 227 Ill. 2d at 65-66. Section 145 of the Restatement provides that the following factors must be taken into account: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145. The evaluation of these factors creates a *strong* presumption in favor of applying the law of the place of injury. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 166 (2007).

13

Indeed, the presumption is *"difficult to overcome."* *Federal Ins. Co. v. J.K. Mfg. Co.*, 933 F. Supp. 2d 1065, 1074 (N.D. Ill. 2013) (emphasis added).

Here, application of the Section 145 factors again point only to Illinois as the governing law for plaintiff's claims, as the alleged injury, if any, occurred in Illinois. Therefore, plaintiff cannot assert claims under any non-Illinois' laws and all such claims contained in Counts I-IV should be dismissed.

> **3.** **Because the Consumer Fraud Laws of 51 Different Jurisdictions Substantively Conflict and Would Alter the Outcome of This Case, Count I Fails.**

"State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568-73 (1996)). Because the consumer fraud laws of 51 different jurisdictions will obviously conflict, plaintiff's claims are impossible and the complaint fails to allege a plausible claim with particularity under Rule 9(b).

It would be a monumental task and unfair for this Court to require defendant to exhaustively point out all of the differences between the consumer fraud (and express warranty, implied warranty and unjust enrichment laws) of 51 different jurisdictions just to obtain dismissal of a complaint. A sampling of just some of the states' laws should be sufficient to prove this point, showing multiple differences that will materially affect the litigation, the scope and course of discovery, the question of liability, and potential exposure for each party. *See* Appendix A – Multi-State Chart attached.[2]

For instance, plaintiff cannot bring a claim pursuant to the consumer fraud act of Missouri. The Missouri Act is expressly limited in its definitions section to trade or commerce "affecting the

---

[2] Should the Court deem it necessary for defendant to exhaustively detail all of the differences between all 51 different jurisdictions in order to obtain dismissal, defendant requests leave to file a supplement expanding upon this section.

301855299v1 1007732

people of this state." Mo. Rev. Stat. § 407.010(7). The Eighth Circuit has held that where there are no ties alleged between any party and the State of Missouri, Missouri's Act does not apply. *Perras v. H&R Block*, 789 F.3d 914, 917-918 (8th Cir. 2015). Therefore, plaintiff here – an Illinois resident -- may not maintain a Missouri claim. He certainly has not alleged a plausible Missouri-related fraud claim with particularity under Rule 9(b).

Not surprisingly, New York's Act also expressly limits itself to trade or commerce "in this state", N.Y. Gen. Bus. Law § 349(a), and its courts similarly hold that under New York's Act, "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Goshen v. Mutual Life Insurance Co.*, 98 N.Y.2d 314, 325, 774 N.E.2d 1190, 1195 (2002). Plaintiff here fails to allege any dealings or connection to New York. Therefore, again, plaintiff has not alleged a viable New York statutory claim.

Likewise, California has a general presumption against extraterritorial application of its Act and its Act does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California. *Swearingen v. Late July Snacks LLC*, 2017 U.S. Dist. LEXIS 69280, at *27-28 (N.D. Cal. 2017); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *Granfield v. Nvidia Corp.*, 2012 U.S. Dist. LEXIS 98678, at *10 (N.D. Cal. 2012) ("'Where … a representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are subject to dismissal.'")

New Jersey's Act is treated similarly and an out-of-state plaintiff has no grounds on which to bring any claims pursuant to New Jersey's Act. *See Knox v. Samsung Elecs. Am., Inc.*, 2009 U.S. Dist. LEXIS 53685, *4-12 (D.N.J. 2009) ("Although it is true that New Jersey seeks to prevent its corporations from defrauding out-of-state consumers, it is not clear to this Court that New Jersey intended out-of-state consumers to engage in end runs around local law in order to avail themselves of collective and class remedies that those states deny."); *see also In re Ford Motor Co. Ignition Switch*

*Prods. Liab. Litig.*, 174 F.R.D. 332, 348 (D.N.J. 1997) ("Each plaintiff's home state has an interest in protecting its consumers from in-state injuries caused by foreign corporations and in delineating the scope of recovery for its citizens under its own laws.").

The following additional differences also exist:

Intent:  At least three states, Illinois, Michigan, and Minnesota, require some form of intent on the defendant's part. *See Griffin v. Universal Cas. Co.*, 274 Ill. App. 3d 1056, 1065 (1995); *In re OnStar Contract Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011); Minn. Stat. §§ 325F.67, 325F.69(1). New Jersey requires intent if the alleged conduct relates to an omission. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17-18 (1994). California and New York take intent into consideration in the damages analysis. Cal. Civ. Code § 1784; N.Y. Gen. Bus. Law § 349(h). Florida, Massachusetts, Missouri, and Washington do not require intent. These differences are material because plaintiff could conceivably prove a violation under some of these statutes without showing intent, while with others, plaintiff would be required to prove defendant acted with intent. This renders plaintiff's proposed claims based on multiple state consumer fraud laws impossible.

Reliance:  Michigan's consumer protection statute requires a class-wide showing of reliance, which can be detrimental to attempts at class certification. *In re OnStar Contract Litigation*, 278 F.R.D. at 376 ("Reliance and causation cannot be established class-wide and therefore individualized determinations will have to be made on those elements. That alone warrants denial of the pending class certification motions against [defendants]"). California also requires reliance for fraud based CLRA and UCL claims. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27 (2011) (UCL); *Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal. App. 4th 36, 46 (2009) (CLRA). On the other hand, while the other state consumer protection statutes do not require a showing of reliance, most require a showing of causation. *See e.g., Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (2002) (holding that while reliance is not an express element of Illinois' consumer protection statute, "to  properly plead the

301855299v1 1007732

element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived"). Here, the differences between the state statutes could determine whether plaintiff's claims are viable for class litigation. It goes without saying that such differences are material. Again, this renders proposed claims based on multiple state consumer fraud laws impossible.

Statutes of Limitation: California's, Illinois', New York's, and Washington's consumer protection statutes all have a three year statute of limitations. Cal. Civ. Code § 1783; 815 Ill. Comp. Stat. 505/10a(e) (held unconstitutional based on other amendments); *Gaidon v. Guardian Life Ins. Co. of America*, 96 N.Y. 2d 201, 208 (2001); *Shepard v. Holmes*, 185 Wash. App. 730, 738 (2014). Florida's and Massachusetts' consumer protection statutes have a four year statute of limitations. Fla. Stat. Ann. § 95.11(3)(f); Mass. Gen. Laws ch. 260, § 5A. Missouri's consumer protection statute has a five year statute of limitations. Mo. Ann. Stat. § 516.120. Michigan's, Minnesota's, and New Jersey's consumer protection statutes have a six year statute of limitations. Mich. Comp. Laws Ann. § 445.911(7); Minn. Stat. § 541.05(1)-(2); N.J. Stat. Ann. § 2A:14-1. Importantly, three states, Florida, Minnesota, and New York, do not recognize or limit the application of the "discovery rule" which tolls the statute of limitations until discovery of the alleged conduct. *Ramsey v. Ginn-La Pine Island Ttd., LLLP*, No. 10 CA 5023, 2011 Fla. Cir. LEXIS 10967, at *6 (2011); *Veldhuizen v. A.O. Smith Corp.*, 839 F. Supp. 669, 674 (D. Minn. 1993); *Wender v. Gilberg Agency*, 716 N.Y.S. 2d 40 (2000). These differences are significant because plaintiff's proposed nationwide class definition does not limit itself to those who purchased one of defendant's products within a certain time period. *Doc#1* ¶ 34(i). Thus, plaintiff is attempting to represent absent class members whose claims are potentially time-barred under some state statutes, but not others. Again, this renders plaintiff's proposed claims based on multiple state consumer fraud laws impossible and the complaint fails to allege a plausible claim with particularity under Rule 9(b).

301855299v1 1007732

Notice: At least California's, Massachusetts', and Missouri's laws require some form of notice before suit can be initiated. Cal. Civ. Code § 1782(a); Mass. Gen. Laws Ch. 93A, § 9(3); Mo. Rev. Stat. § 407.025.7. Specifically, under California's CLRA, a plaintiff fails to state a claim if the plaintiff ignores the statute's strict notice provisions. *See, e.g.*, *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949-950 (S.D. Cal. 2007) (CLRA notice is "necessary to state a claim"). The notice element is designed to provide the alleged offender an opportunity to cure or settle the matter. *Id*.; *see also Outboard Marine Corp. v. Sup. Ct.*, 52 Cal. App. 3d 30, 40-41 (1975) (holding that "the clear intent is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which settlement may be accomplished"). The *Outboard* court insisted that the notice provision had to be applied literally to accomplish the CLRA's purposes. *Id*.; *see also Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) (recognizing the statute and all case law mandated rigid application of the notice requirement); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1204-05 (C.D. Cal. 2011); *Davis v. Chase Bank U.S.A. N.A.*, 650 F. Supp. 2d 1073, 1088-89 (C.D. Cal. 2009). A failure to comply with the strict CLRA notice requirements requires dismissal. [3] *See, e.g.*, *Davis*, 650 F. Supp. 2d at 1089.

Under Massachusetts' statute, a plaintiff must mail or deliver a written demand for relief on any "prospective respondent" at least thirty days prior to the filing of any action. Mass. Gen. Laws Ch. 93A, § 9(3). The written demand for relief must identify the claimant and reasonably describi(b)te the unfair or deceptive act or practice relied upon and the injury suffered. *Id*. A failure to comply with the statutes' notice requirement can result in dismissal. *See, e.g., Fernandes v. U.S. Bank*, 446 B.R.

---

[3] In addition to the strict notice provisions under section 1782, the CLRA requires plaintiff(s) to file an affidavit showing that they commenced the action in the proper county for trial. Cal. Civ. Code § 1780(d). Failure to file the necessary affidavit mandates dismissal without prejudice. *Id.* Plaintiff never filed the requisite Affidavit in this case.

6, 9-10 (D. Mass. 2011). Under Missouri's statute, a plaintiff must mail a copy of the complaint or other initial pleading to the attorney general. Mo. Rev. Stat. § 407.025.7.

Here, plaintiff does not allege *any* notice to defendant, a state Attorney General, etc. Thus, the varying states' requirement of notice (or lack thereof) is significant because plaintiff's (and class member) claims in these states will be barred for not giving notice. This again renders plaintiff's proposed claims based on multiple state consumer fraud laws impossible and the complaint fails to allege a plausible claim with particularity under Rule 9(b).

Standing: California's, Illinois', Michigan's, and Missouri's consumer protection statutes are limited to purchases made primarily for household use. Cal. Civ. Code §§ 1761, 1780(a); 815 Ill. Comp. Stats. 505/1(c), 505/1(e); Mich. Comp. Laws Ann. § 445.902; Mo. Ann. Stat. §§ 407.010, 407.025. In Minnesota, a plaintiff must bring a claims under the Minnesota Consumer Fraud Act ("CFA") and False Statement in Advertising Act ("FSAA") through Minnesota's Private Attorney General Statute, which requires a plaintiff to establish (1) a public benefit, and (2) a misrepresentation sufficient to violate the statutes. *Khoday v. Symantec Corp.*, 585 F. Supp. 2d 1004, 1016 (D. Minn. 2012). This is because the CFA and FSAA do not contain a private cause of action. *Id.* These standing requirements, and the lack of such requirements in the other state consumer protection statutes, could spell the difference between whether plaintiff (and absent class members) have a viable claim or not. Such differences are material. This renders plaintiff's proposed claims based on multiple state consumer fraud laws impossible and the complaint fails to allege a plausible claim with particularity under Rule 9(b).

Remedies: The remedies available under each state's consumer protection statutes also vary considerably. *See Glenn*, 2016 WL 3621280, at *7 ("With respect to Washington law, material differences exist between the available remedies under the California consumer protection statutes and the Washington Consumer Protection Act . . . Generally, differences in remedies are 'material'").

Remedies under California's UCL are limited to injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203. The CLRA provides a wide array of remedies, including: (1) actual damages, with a minimum of $1,000 for class actions (but no minimum otherwise); (2) injunctive relief; (3) restitution; (4) punitive damages with no statutory limit; and (5) "any other relief that the court deems proper." Cal. Civ. Code § 1780(a).

Under Florida's consumer protection statute, plaintiffs can recover (1) actual damages (with no minimum), (2) injunctive relief, and (3) in the court's discretion, attorney's fees. Fla. Stat. Ann. §§ 501.211, 501.2105.

Under Illinois' consumer protection statute, plaintiffs can recover (1) actual damages, (2) punitive damages, (3) injunctive relief, (4) and reasonable attorney's fees and costs to the prevailing party. 815 Ill. Comp. Stat. 505/10(a), (c) (held unconstitutional based on other amendments).

Under Massachusetts' consumer protection statute, plaintiffs can recover (1) actual damages, with a minimum of twenty-five dollars (2) injunctive relief, (3) punitive damages, and (4) in the court's discretion, attorney's fees for a prevailing plaintiff. Mass. Gen. Laws. Ch. 93A § 9.

Under the MCPA, plaintiffs can recover (1) actual damages, and (2) injunctive relief. Mich. Comp. Laws Ann. § 445.911(1)-(3).

Under Minnesota's consumer protection statute, plaintiffs can recover (1) actual damages, (2) injunctive relief, and (3) at the court's discretion, attorney's fees for the prevailing party. Minn. Stat. § 8.31(3a).

Under Missouri's consumer protection statute, plaintiffs can recovery (1) actual damages, (2) injunctive relief, (3) punitive damages, and (4) at the court's discretion, attorney's fees for the prevailing party. Mo. Ann. Stat. § 407.025(1)-(2).

Under New Jersey's consumer protection statute, plaintiffs can recover (1) injunctive relief, (2) treble damages, and (3) attorney's fees for a prevailing plaintiff. N.J. Stat. Ann. § 56:8-19.

301855299v1 1007732

Under New York's consumer protection statute, plaintiffs can recover (1) actual damages with a minimum of fifty dollars, (2) treble damages not to exceed one thousand dollars, (3) injunctive relief, and (4) at the court's discretion, attorney's fees for a prevailing plaintiff. N.Y. Gen. Bus. Law § 349(h).

Under the Washington's consumer protection statute, plaintiffs can recover (1) actual damages (with no minimum), (2) injunctive relief, and (3) in the court's discretion, additional damages up to three times the actual damages, with a maximum of $25,000. Wash. Rev. Code § 19.86.090. These differences are material in that they will affect what plaintiff (and class members) in this case will ultimately be able to recover.

In sum, the multiple states and laws alleged in plaintiff's complaint vary considerably. A number of states require some form of intent, or take intent into account during the damages analysis, while other states do not require intent. Some states require reliance, while others require some form of causation. The applicable statute of limitations range widely. Further, some states do not allow for the statute of limitations to be tolled by the "discovery rule." Some states require some form of notice, while the other states do not. Some states require the goods at issue be purchased for some sort of "household use." Some states require a plaintiff bring his or her claims through an Attorney General. Lastly, the remedies available vary considerably. The aforementioned differences are material because the viability of a potential claim depends on what state consumer protection statute it is brought under. This renders plaintiff's proposed claims based on multiple state consumer fraud laws impossible and the complaint fails to allege a plausible claim with particularity under Rule 9(b).

The recent case of *Liston v. King*, 2017 U.S. LEXIS Dist. 77905 (N.D. Ill. 2017) addressed similar issues and is supportive of dismissal. In *Liston*, plaintiff, an Illinois citizen, brought a class claim for violation of the consumer protection statutes of all 50 states and the District of Columbia,

301855299v1 1007732

and sought to represent a multi-state class of all individuals in those states. *Id.* at *5. Defendant moved to dismiss the claim for lack of standing and for failure to state a claim. *Id.* at *1. Defendant argued that because plaintiff claimed no injuries in any state other than Illinois, he had no standing to pursue statutory causes of action under the laws of any other state; accordingly, defendant submitted that plaintiff's claims under any state laws other than those of Illinois must be dismissed. *Id.* at *16.

The court stated that plaintiff's allegations call to mind the "general prohibition on a litigant's raising another person's legal rights," "a concept that courts have historically categorized as a principle of prudential standing." *Id.* at *22. The court held that is was "valid" to resolve concerns over whether plaintiff could pursue claims based on various state laws "up front." *Id.* at *23. Citing *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009), the court noted:

> The alternative proposed by the plaintiffs would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share. That would present the precise problem that the limitations of standing seek to avoid. *Id.* at *23-24.

The court in *Liston* further held:

> Whether one views the question of Liston's legal authority to pursue a claim under the law of a state where he did not reside and was not injured as a question of standing, or substantive law, or typicality and adequacy under Rule 23, there is plainly ample reason at this juncture to question whether Liston will be able to pursue claims based on statutory causes of action created by states where Liston neither lived nor was injured. *Id.*

Other courts have also determined this same issue on standing grounds. In *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 U.S. Dist. LEXIS 119962 (N.D. Ill. 2013), plaintiffs, residents of New York, Tennessee, Michigan and Kansas, brought statutory and common state law claims on behalf of not only residents of their home states but also residents of other states where

no representative plaintiff resided. The court rejected plaintiffs' request to delay consideration of standing issues until class certification, *Id.* at \*20-23, and the court held that plaintiffs lacked standing for their state law claims concerning states in which they did not reside and/or did not purchase the products at issue. *Id.* at \*26-29. "Plaintiffs allege injuries as a result of buying products in New York, Tennessee, Michigan and Kansas … [but] do not allege personal injury in any other state. Thus, [plaintiffs] fail to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue." *Id.* at \*28. *See also Tillman v. U.S. Energy Sav. Corp.*, 2008 U.S. Dist. LEXIS 53313 (N.D. Ill. 2008) (after declining to defer the standing issue, finding the named plaintiff lacked standing because she could never represent a class of Illinois citizens in connection with claims under the Illinois Consumer Fraud Act, as she was an Indiana citizen and the transaction at issue occurred in Indiana); *see also In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 923 (N.D. Ill. 2009), *vacated and remanded on other grounds sub. nom., Minn—Chem, Inc. v. Agrium Inc.*, 657 F.3d 650 (7th Cir. 2011) (dismissing antitrust and unfair competition claims brought under the laws of states where no named plaintiff resided or allegedly suffered an injury, and finding that *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) does not compel a district court to delay reviewing standing issues until after class certification.)

### 4. Because the Express Warranty, Implied Warranty and Unjust Enrichment Laws of 51 Different Jurisdictions Substantively Conflict and Would Alter the Outcome of This Case, Counts II-IV Also Fail.

Likewise, because there will inevitably be significant variances and conflicts between the states regarding express warranty, implied warranty and unjust enrichment laws, Counts II-IV should be dismissed. For instance, as to just unjust enrichment, numerous courts have held that states' unjust enrichment laws vary significantly and materially, raising specific questions that defeat

predominance in a class action setting.[4] Express warranty laws also vary materially. For example, Arizona, Florida, West Virginia, Texas, and Oregon require privity, while Washington, Ohio, Illinois, and Texas do not.[5]

The reliance element of a claim for breach of express warranty also differs across the states. In California, there is a presumption of reliance that can be overcome. *See* Cal. Com. Code § 2313; *Weinstat v. Dentsply Intern., Inc.*, 180 Cal. App. 4th 1213, 103 Cal. Rptr. 3d 614 (2010); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 21, 220 Cal. Rptr. 392 (1985). Minnesota, Kentucky, Oklahoma, New Hampshire, Florida, Mississippi, and Rhode Island law require a showing of actual

---

[4] *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) ("The elements necessary to establish a claim for unjust enrichment vary materially from state to state."); *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortgage Ass'n.*, 624 F.3d 185, 195-96 (5th Cir. 2010) ("Plaintiffs' survey here fails to show that . . . differences in state unjust enrichment laws are insignificant."); *Yarger v. ING Bank, Fsb*, 285 F.R.D. 308, 324-25 (Dist. Del. 2012) (numerous courts have held that states' unjust enrichment laws vary significantly and materially, raising specific questions that defeat predominance); *In re McDonald's French Fries Litigation*, 257 F.R.D. 669, 673-74 (N.D.Ill. 2009) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules."); *Thompson v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 15190, 2009 WL 362982, at *4 (E.D. Ark. Feb. 12, 2009) ("After an extensive review of the law, the Court finds that the states' different approaches to, or elements of, unjust enrichment are significant.");*Vulcan Golf, LLC v. Google, Inc.*, 254 F.R.D. 521, 532-33 (N.D. Ill. 2008) (finding that differences in state law on unjust enrichment precluded certification of nationwide class; citing numerous other cases stating the same); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583-85 (N.D.Ill. 2008) (denying class certification under FCRP 23(a)(2) and (b)(3), because plaintiffs failed to establish commonality, superiority and predominance due to multi-state law conflicts; describing the material differences in state laws on unjust enrichment; citing numerous other cases stating the same; *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 697 (N.D. Ga. 2008) (discussing "lack of uniformity of unjust enrichment law" and stating there are "important variances, namely state of mind, the effect of implied warranties, and direct benefit requirements").

[5] *See Flory v. Silvercrest Indus. Inc.*, 129 Ariz. 574, 633 P.2d 383, 387 (Ariz. 1981); *T.W.M. v. Am. Med. Sys.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995); *McMahon v. Advance Stores Co.*, 227 W. Va. 21, 705 S.E.2d 131, 141 (W.Va. 2010); *Texas Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. App. 1979); *Colvin v. FMC Corp.*, 43 Ore. App. 709, 604 P.2d 157, 160 (1979); *Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*, 151 Wn.2d 534, 541, 90 P.3d 1062 (Wash. 2004); *Reichhold Chem., Inc. v. Haas, No. 1983*, 1989 Ohio App. LEXIS 4129, 1989 WL 133417, at *7 (Nov. 3, 1989); *Collins Co., Ltd v. Carboline Co.*, 125 Ill. 2d 498, 532 N.E.2d 834, 834, 127 Ill. Dec. 5 (Ill. 1988); *Basin Operating Co. v. Valley Steel Prods. Co.*, 620 S.W.2d 773, 777 (Tex. Civ. App. 1981).

301855299v1 1007732

reliance.[6] Colorado and Virginia do not require a showing of reliance, and New York and Washington do not require a showing of reliance in certain circumstances.[7]

As for notice, in California, a plaintiff must provide pre-suit notice to the product manufacturer within a reasonable time of discovering the breach of express warranty, except in cases where the consumer did not purchase directly from the manufacturer. *See* Cal. Com. Code § 2607(3)(A); *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142-43 (N.D. Cal. 2010) (requiring notice to manufacturer, except where consumer did not purchase product from manufacturer directly). Arkansas, North Carolina, Texas, and Wyoming generally require notice to the manufacturer, while North Carolina requires notice to the seller, and notice to the manufacturer may or may not be required.[8]

---

[6] *See Hendricks v. Callahan*, 972 F.2d 190, 193 (8th Cir. 1992); *Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1289-91 (6th Cir. 1982); *Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967); *Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972); *State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc.*, 557 So. 2d 107, 108-09 (Fla. Dist. Ct. App. 1990); *Global Truck & Equip. Co. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986) (Mississippi law); *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985).

[7] *See Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991) (Colorado law); *Daughtrey v. Ashe*, 243 Va. 73, 413 S.E.2d 336, 338-39, 8 Va. Law Rep. 1762 (Va. 1992); *CBS Inc. v. Ziff—Davis Pub. Co.*, 75 N.Y.2d 496, 503, 553 N.E.2d 997, 554 N.Y.S.2d 449 (1990); *Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 727 P.2d 655, 669 (Wash. 1986)

[8] *See Cotner v. Int'l Harvester Co.*, 260 Ark. 885, 545 S.W.2d 627, 630 (Ark. 1977); *Maybank v. S.S. Kresge Co.*, 302 N.C. 129, 133, 273 S.E.2d 681 (1981); *Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 420 S.E.2d 686 (1992); *U.S. Tire-Tech, Inc. v. Boeran, B. V.*, 110 S.W.3d 194, 199 (Tex. App. 2003); *W. Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810-11 (Wyo. 1980); *Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 420 S.E.2d 686, 688-89 (N.C. App. 1992). In New York, the sufficiency of notice is a jury question. *See Hubbard v. General Motors*, 1996 U.S. Dist. LEXIS 6974, 1996 WL 274018, at *4 (S.D.N.Y. 1996). In the District of Columbia, Massachusetts, and Oregon, a plaintiff's delay in providing notice may bar suit, while in Florida, North Carolina, and South Dakota, it does not. *See Mariner Water Renaturalizer, Inc. v. Aqua Purification Sys., Inc.*, 665 F.2d 1066, 1069, 214 U.S. App. D.C. 248 (D.C. Cir. 1981); *P & F Constr. Corp. v. Friend Lumber Corp.*, 31 Mass. App. Ct. 57, 575 N.E.2d 61, 64 (Mass. App. Ct. 1991); *Wagner Tractor, Inc. v. Shields*, 381 F.2d 441, 445 (9th Cir. 1967) (Oregon law); *Lafayette Stabilizer Repair, Inc. v. Mach. Wholesalers Corp.*, 750 F.2d 1290, 1294 (5th Cir. 1985) (Florida law); *Maybank v. S.S. Kresge Co.*, 302 N.C. 129, 273 S.E.2d 681, 685 (N.C. 1981); *Opp v. Nieuwsma*, 458 N.W.2d 352, 356-57 (S.D. 1990).

301855299v1 1007732

Like the differences in the states' unjust enrichment laws, the differences in the states' express warranty law is material. To choose just one example, defendant would be allowed to use a delay in providing notice as a defense in the District of Columbia, Massachusetts, and Oregon, but not in Florida, North Carolina, and South Dakota. The differences in other aspects of express warranty law described above present similar clashes.

Likewise, the laws on implied warranty claims have significant differences regarding privity, notice and the availability of class actions. Alaska, Colorado, Louisiana, Michigan, Nebraska, New Jersey, Pennsylvania, and Texas do not require privity, while Alabama, Arizona, Connecticut, Florida, Idaho, Illinois, Iowa, Kentucky, New York, North Carolina, Ohio, Oregon, Tennessee, Vermont, and Wisconsin do.[9] Notice requirements also vary: Arkansas, Maryland, and Texas require pre-suit notice, while Kansas does not require notice in cases such as this, where the buyer is a

---

[9] *See Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 289 (Alaska 1976); *Hansen v. Mercy Hospital, Denver*, 40 Colo. App. 17, 18, 570 P.2d 1309 (1977); Colo. Rev. Stat. Ann. § 4-2-318; *Media Prod. Consultants, Inc. v. Mercedes-Benz of N.A., Inc.*, 262 La. 80, 262 So. 2d 377 (1972); *Cova v. Harley Davidson Motor Co.*, 26 Mich.App. 602, 182 N.W.2d 800 (1970); *Peterson v. North Am. Plant Breeders*, 218 Neb. 258, 354 N.W.2d 625 (1984); *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620, 695 A.2d 264 (N.J. 1997); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420 (E.D. Pa. 2011); *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 (1968); *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex. 1977); *Wellcraft Marine, Inc. v. Zarzour*, 577 So.2d 414, 419 (Ala. 1990); *Flory v. Silvercrest Indust., Inc.*, 129 Ariz. 574, 633 P.2d 383 (1981); *United Tech. Corp. v. Saren Engineering, Inc.*, No. X06CV-0201731355, 2002 Conn. Super. LEXIS 3154, 2002 WL 31319598 (Conn. Super. Ct. Sept. 25, 2002); *Mesa v. BMW of N. Am., LLC*, 904 So.2d 450, 458 (Fla. Dist. Ct. App. 2005); *Am. W. Enters., Inc. v. CNH, LLC*, 155 Idaho 746, 316 P.3d 662 (2013); *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 544 P.2d 306 (1975); *Zaro v. Maserati N. Am., Inc.*, 2007 U.S. Dist. LEXIS 90137, 2007 WL 4335431, at *2 (N.D. Ill. 2007); *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103 (Iowa 1995); *Kentucky. Berger v. Standard Oil Co.*, 126 Ky. 155, 103 S.W. 245, 31 Ky. L. Rptr. 613 (1907); *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, 2006 WL 1085067, at *5 (E.D.N.Y. 2006); *Hole v. General Motors Corp.*, 83 A.D.2d 715, 442 N.Y.S.2d 638 (1981); *Gregory v. Atrium Door & Window Co.*, 106 N.C. App. 142, 415 S.E.2d 574 (1992); *Terry v. Double Cola Bottling Co.*, 263 N.C. 1, 138 S.E.2d 753 (1964); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 758 (N.D. Ohio 2010); *Dravo Equip. Co. v. German*, 73 Or. App. 165, 698 P.2d 63 (1985); *Gregg v. Y.A. Co. Co.*, 2007 U.S. Dist. LEXIS 35036, 2007 WL 1447895, at *7 (E.D. Tenn. 2007); *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457 (Tenn. Ct. App.2003); *Vermont Plastics, Inc. v. Brine, Inc.*, 824 F.Supp. 444 (D.Vt.1993); *Stoney v. Franklin*, 54 Va. Cir. 591 (2001); *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 225 Wis.2d 305, 592 N.W.2d 201 (1999).

consumer.[10] In contrast, in Alaska, Arizona, Ohio, Pennsylvania, and Virginia, the filing of the complaint may suffice for notice.[11]

In this instance, it should be obvious and indisputable on the face of the complaint, that plaintiff's Counts II-IV are unwieldy, facially defective, impossible to ever maintain and implausible. Plaintiff certainly cannot bring these claims himself under all these laws and it should be undisputed that significant differences exist across 51 different jurisdictions as to their consumer fraud, warranty and unjust enrichment laws and that those differences are material—involving the "essential requirements to establish a claim" and "the types of relief or remedies available to a plaintiff." *See In re Fluidmaster,* 2017 U.S. Dist. LEXIS 48792, at *114-21 (*citing Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) (outlining the differences in consumer laws)); *Gianino,* 846 F. Supp. 2d at 1100 (summarizing the "differences among the states' consumer laws"); *In re Hitachi Television Optical Block Cases*, 2011 WL 9403, at *6 (S.D. Cal. 2011) ("[T]here are material conflicts between California's consumer laws and the consumer laws of the other forty-nine states.") And as Judge Posner noted, even where differences between state's common laws are less significant and instead involve nuance, those nuances require individual evaluation. *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995).

### D. Plaintiff's Nationwide Class Claims Should Be Dismissed or Stricken.

For similar reasons, plaintiff's claims brought on behalf of a nationwide class should likewise

---

[10] *See Adams v. Wacaster Oil Co., Inc.*, 81 Ark. App. 150, 98 S.W.3d 832, 835-36 (2003); *Lynx, Inc. v. Ordnance Prods., Inc.*, 273 Md. 1, 327 A.2d 502, 514 (Md. 1974); *U.S. Tire—Tech, Inc. v. Boeran*, 110 S.W.3d 194, 201 (Tex. App.-Houston 2003); *McKay v. Novartis Pharms. Corp.*, 934 F. Supp. 2d 898, 915 (W.D. Tex. 2013); *Wichita v. U.S. Gypsum Co.*, 828 F.Supp. 851, 856-57 (D. Kan. 1993), *rev'd on other grounds*, 72 F.3d 1491 (10th Cir. 1996).

[11] *See Shooshanian v. Wagner*, 672 P.2d 455, 462-63 and n. 6 (Alaska 1983); *Davidson v. Wee*, 93 Ariz. 191, 379 P.2d 744 (1963); *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 54, 537 N.E.2d 624 (1989); *Precision Towers, Inc. v. Nat-Com, Inc.*, No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, 2002 WL 31247992, at *5 (Phila. Ct. Com. Sept. 23, 2002); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, No 03-cv-4558, 2010 U.S. Dist. LEXIS 68241, 2010 WL 2813788, at *39-40 (D.N.J. July 9, 2010) (Pennsylvania law); *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 270 (4th Cir. 1998); *Bd. of Directors of Bay Point Condo. Ass'n, Inc. v. RML Corp.*, 57 Va. Cir. 295 (2002).

301855299v1 1007732

be dismissed or stricken. Whether via Rule 12(b)(1), Rule 12(b)(6), Rule 12(f) or Rule 23(c)(1)(A) and (d)(1)(D), this Court has held that similar motions are appropriate when the pleadings are facially defective and/or definitively establish that a class action cannot be maintained. *See Cowen*, 2017 U.S. Dist. LEXIS 169929 at *9-10 (striking all claims pled on behalf of a multi-state and national class because courts may strike class allegations at the pleading stage when they are facially and inherently deficient, particularly when the dispute is not factual and discovery is unnecessary to resolve it); *Cholly*, 2017 U.S. Dist. LEXIS 14449, at *9; *Wright*, 2010 U.S. Dist. LEXIS 126643, *3-4.

For the same reasons indicated above in this motion, plaintiff should not be able allowed to proceed on putative nationwide class claims on any of his plead causes of action, whether sounding in consumer fraud, express warranty, implied warranty, unjust enrichment or otherwise. This Court should follow *Cowen*, 2017 U.S. Dist. LEXIS 169929 at *8-13 (dismissing similar multi-state and nationwide class claims). Again, Illinois choice-of-law jurisprudence exclusively requires the application of the law of the forum state or the state in which the injured party resides or else purchased their products. *See Adkins; Barbara's Sales*. Therefore, the complaint's proposed nationwide class implausibly requires the application of 51 different jurisdictions' consumer fraud laws, 51 different jurisdictions' express and implied warranty laws and 51 different jurisdictions' unjust enrichment laws. On its face, the complaint does not plausibly allege nor could it ever under any circumstances satisfy the required class elements, such as typicality and predominance. Taking just one single issue such as privity as an example alone demonstrates that the differences in the laws are material. In order to recover, many class members by law would be required to show that they purchased their products directly from defendant, rather than from a separate retailer, as plaintiff here did. Just that single difference in the laws regarding privity alone have led courts to deny class certification. *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 728 (5th Cir. 2007) (citing *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 460 (D.N.J. 1998); *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 272 (D.D.C.

28

1990)). Again, this is just one small example.

For these reasons, the established federal law in this Circuit is clear that nationwide putative classes exclusively based upon state law claims are not manageable because of the amount of jurisdictional laws that could potentially govern those claims. *In re: Bridgestone/Firestone, Inc.*, 288 F.3d at 1018 ("Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable."); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001) ("[F]ew warranty cases ever have been certified as class actions – let alone as nationwide classes, with the additional choice-of-law problems that complicate such a venture."); *Dolmage v. Combined Ins. Co. of Am.*, 2017 U.S. Dist. LEXIS 67555, at *27-28 (N.D. Ill. 2017) ("[A]s a general matter … different states' laws will govern [plaintiff's] claim and those class members living [out-of-state]. Under these circumstances, it is difficult to conclude that Plaintiff's claim is 'typical' of other class members."); *In re: GMC Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 324 (S.D. Ill. 2007) ("The Seventh Circuit Court of Appeals has warned repeatedly in recent years against … unwieldy multistate classes, holding that the difficulties inherent in applying the laws of numerous states to the class claims defeat both predominance and manageability."); *see also* n. 2.

E.  **All Nationwide Class Claims Are Also Foreclosed by** *Bristol-Meyers Squibb* **and Lack of Personal Jurisdiction Over Defendant.**

Furthermore, separately and independently from the obvious choice-of-law and state law conflicts issues that foreclose a nationwide class, all class allegations involving putative out-of-state class members should likewise be stricken pursuant to Rule 12(b)(2) because this district clearly holds that there can be no personal jurisdiction over defendant as to the claims of out-of-state class members in this situation. *See Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 2018 U.S. Dist. LEXIS 39754, *46-47 (N.D. Ill. 2018); *DeBernardis v. NTBY, Inc.*, 2018 U.S. Dist. LEXIS 7947 (N.D. Ill. 2018); *Greene v. Mizuho Bank, Ltd.*, 2017 U.S. Dist. LEXIS 202802 (N.D. Ill. 2017); *McDonnell v. Nature's Way Prods., LLC*, 2017 U.S. Dist. LEXIS 177892 (N.D. Ill. 2017); *Demedicis v. CVS Health*

301855299v1 1007732

*Corp.*, 2017 U.S. Dist. LEXIS 19589 (N.D. Ill. 2017); *DeMaria v. Nissan North Am., Inc.*, 2016 U.S. Dist. LEXIS 11295 (N.D. Ill. 2016).

The Northern District of Illinois has now repeatedly and consistently held in this situation that this Court does not have personal jurisdiction over defendant as it would concern any claims of non-resident putative class plaintiffs based on *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017). *See Practice Mgmt.*, 2018 U.S. Dist. LEXIS 39754 at *46-47 (*Bristol-Meyers* applies with equal force in the class action context); *DeBernardis*, 2018 U.S. Dist. LEXIS 7947 at *2 ("The Court believes that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Meyers Squibb* to outlaw nationwide class actions … where there is no general jurisdiction over the Defendants."); *Greene v. Mizuho Bank, Ltd.*, 2017 U.S. Dist. LEXIS 202802, *4 (Nothing in *Bristol-Meyers* suggests that it does not apply in a putative class action); *McDonnell v. Nature's Way Prods., LLC*, 2017 U.S. Dist. LEXIS 177892, *4 ("the analysis used in *Bristol-Meyers Squibb Co.* is instructive in considering whether the Court has personal jurisdiction over the claims" of non-Illinois-resident class members).

"General jurisdiction over a foreign corporation is properly asserted 'when [the corporation's] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *DeMaria*, 2016 U.S. Dist. LEXIS 11295 at *16. "Specific jurisdiction is proper when a defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from the alleged injuries that 'arise out of or relate to' those activities." *Id.* at *18. The specific jurisdiction analysis evaluates whether plaintiff's claims against defendant arise out of defendant's contacts with the forum state. *Id.* at *18-19. There is no personal jurisdiction as to the claims of out-of-state putative class plaintiffs "where each plaintiff's claim is predicated on the law of the particular state where he or she purchased a [product] and the claims of the other plaintiffs as alleged remain unrelated to anything that transpired in Illinois." *Demaria* at *25-26.

301855299v1 1007732

Personal jurisdiction must be established as to each claim asserted and a plaintiff fails to establish personal jurisdiction over out-of-state claims where the sole connection between a defendant and Illinois is the existence of a different resident plaintiff in the case. *Demedicis*, 2017 U.S. Dist. LEXIS 19589 at *11-12.

Here, the complaint alleges defendant, an Oregon LLC, has a principal place of business in Oregon, *Doc*#1 ¶ 10, and may, in this regard, establish general jurisdiction over defendant in the State of Oregon. Otherwise, plaintiff alleges no facts establishing general jurisdiction over defendant in the State of Illinois. The complaint purports to establish specific jurisdiction over defendant in the State of Illinois by virtue of plaintiff purchasing Love and Clear Mind from a non-party retailer in Illinois but it is otherwise devoid of any further allegations establishing specific jurisdiction over defendant in the State of Illinois as to the non-Illinois putative class plaintiffs.

Where, like here, the complaint purports to assert class claims on behalf of non-Illinois putative plaintiffs against a non-Illinois defendant without claiming any harm in Illinois to the non-Illinois putative plaintiffs and where all conduct giving rise to the happened elsewhere, lack of jurisdiction is dictated by the Supreme Court's holding in *Bristol-Meyers*. *DeBernardis*, 2018 U.S. Dist. LEXIS 7947 at *2-6. The Northern District of Illinois has clearly determined that courts lack jurisdiction as to the non-resident claims in this situation. *Id.*

*Bristol-Myers* itself holds that specific personal jurisdiction does not lie over a nonresident plaintiff's claim against a defendant not subject to general personal jurisdiction solely because the nonresident plaintiff's claim is similar, or even identical, to a resident plaintiff's claim in the same suit. *Bristol-Meyers* at 1780-82; *Greene*, 2017 U.S. Dist. LEXIS 202802 at *4. Therefore, where, as here, the complaint does not allege that defendant had any contacts with Illinois in connection with the non-residents' claims, *Bristol-Meyers* requires dismissal for lack of personal jurisdiction of the non-residents' claims despite the close relationship between the non-residents' claims and those of

301855299v1 1007732

Illinois residents. *Greene* at *11.

As explained in *McDonnell*, this Court "may not assert personal jurisdiction over a nonresidents' claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff." *McDonnell*, 2017 U.S. Dist. LEXIS 177892 at *9-10. The "mere fact that *other* [resident] plaintiffs" used defendant's product in the state and sustained the same injuries as nonresident plaintiffs did not provide the required "connection between the forum and the specific claims at issue" for the court to exercise jurisdiction over the nonresidents' claims against defendant. *McDonnell* at *10 *quoting Bristol-Meyers* at 1781.

Therefore, as is relevant to this case, *DeBernardis, Greene, McDonnell, Demedicis* and *DeMaria* all contain the same exact rule. Each case holds that this Court lacks personal jurisdiction over defendant here as to the all non-Illinois putative class members. As a result, all claims brought on behalf of a nationwide putative class (Counts I-VII) should be dismissed pursuant to Rule 12(b)(2) and/or all putative classes containing out-of-state class members should be stricken.

**F.      Plaintiff's Count II Claim For Breach of Express Warranty Should Separately Be Dismissed For Failure to Allege Pre-Suit Notice.**

Count II alleging breach of express warranty should be dismissed due to plaintiff's failure to allege pre-suit notice. As pointed out in *DeBernardis v. NTBY, Inc.*, 2018 U.S. Dist. LEXIS 7947, *8-9 (N.D. Ill. 2018), Illinois law requires pre-suit or pre-litigation notice to state a claim for breach of express warranty. 810 ILCS 5/2-607(3)(a). *See also Parrot*, 2018 U.S. Dist. LEXIS 77243 at *5-9; *Ulrich v. Probalance, Inc.*, 2017 U.S. Dist. LEXIS 132202, *19-20 (N.D. Ill. 2017) (pre-suit notice required for breach of express warranty claim). Plaintiff's complaint fails to allege pre-suit notice and the law now forecloses upon plaintiffs' ability to maintain a breach of express warranty claim because once a plaintiff has filed suit, it is then "impossible, of course, for [plaintiff] to provide pre-suit notice of the alleged breach of warranty…" *Darne v. Ford Motor Co.*, 2017 U.S. Dist. 142425, *28 (N.D. Ill. 2017). In other words, "the plaintiffs filed their suit … and cannot now unring that bell."

301855299v1 1007732

*Id.* "The purpose of the notice requirement is to encourage parties to resolve the dispute <u>short of litigation</u>." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015) (dismissing plaintiff Ibarolla's breach of express warranty claim for failure to provide pre-litigation notice) [Emphasis added]. Therefore, sending notice months after the lawsuit has commenced would clearly fail to satisfy the notice requirement. *See Reyes v. Mcdonald's Corp.*, 2006 U.S. Dist. LEXIS 81684 (N.D. Ill. 2006) (dismissing a claim for failure to provide pre-litigation notice, stating that a purpose of the notice requirement was to provide adverse parties "an incentive to attempt settlement of breach of warranty claims prior to commencement of a suit.") Plaintiff's Count II claim for breach of express warranty should be dismissed for these reasons.

### G.     Plaintiff's Count III Claim For Breach of Implied Warranty Should Be Dismissed For Failure to Allege Pre-Suit Notice and Privity.

Count III should likewise be dismissed due to plaintiff's failure to allege pre-suit notice. Illinois law requires pre-suit notice for breach of implied warranty claims same as for breach of express warranty claims. *Parrot*, 2018 U.S. Dist. LEXIS 77243 at *5-9; *Ibarrola v. Nutrex Research, Inc.*, 2012 U.S. Dist. LEXIS 155721, *17-18 (N.D. Ill. 2012). In addition, under Illinois law contractual privity is a prerequisite for breach of implied warranty claims for recovery of economic losses. *Ibarrola*, 2012 U.S. Dist. LEXIS at *22-23. Thus, implied warranties give "a buyer of goods a potential cause of action only against his immediate seller." *Id. citing Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 691 (1st Dist. 2007) (explaining that the plaintiff could pursue a breach of implied warranty claim against the pharmacy where he bought a defective drug, but not against the drug manufacturer).

In this case, plaintiff does not allege he purchased anything directly from defendant. Therefore, besides the lack of pre-suit notice, which is grounds for dismissal of all the warranty claims on its own, plaintiff's Count III breach of implied warranty claim against defendant should be dismissed on the additional ground of lack of contractual privity.

301855299v1 1007732

### H. Plaintiff's Count IV Claim For Unjust Enrichment Should Be Dismissed For Failure to State a Claim.

Plaintiff's Count IV unjust enrichment claim should be dismissed because it is tied to plaintiff's Count I consumer fraud claim and thus fails for the same reasons Count I fails. In Illinois, "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Here, the complaint does not allege an independent basis for the unjust enrichment claim. Therefore, Count IV should be dismissed for all of the reasons argued above pertaining to Count I.

### I. Plaintiff's Claims For Injunctive Relief Should Be Dismissed or Stricken.

Finally, in multiple places throughout plaintiff's complaint, plaintiff purports to seek injunctive relief. Count I seeks injunctive relief on its face. *Doc*#1 ¶ 50(3). Count IV seeks disgorgement, *Doc*#1 ¶ 68, and disgorgement is treated like injunctive relief in the Seventh Circuit. *See United States SEC v. Battoo*, 158 F. Supp. 3d 676, 691 (N.D. Ill. 2016).

These highly relevant but somewhat hidden claims for injunctive relief should be dismissed and/or stricken because in order for plaintiff to have standing to pursue injunctive relief he must show that there is "evidence of a 'real and immediate' – and not just 'conjectural or hypothetical'— threat of a future violation of their rights." *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) *quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

The court in *In re Herbal Supplements Mktg. & Sales Practices Litig.*, 2017 U.S. Dist. LEXIS 76207, *33-37 (N.D. Ill. 2017), recently engaged in a lengthy analysis of this issue, concluding that plaintiffs' request for injunctive relief should be dismissed because "once a consumer fraud plaintiff is aware of allegedly misleading advertising, she must offer more than conjecture of future harm in order to receive an injunction." The court in *In re Herbal* held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied

34

by any continuing, present adverse effects." *citing Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (*quoting Lyons*, 461 U.S. at 95-96); *In re Herbal* at \*33-37.

Class representatives must have standing with respect to their requested relief—they cannot rely on putative class members to establish standing. *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *see Simic*, 851 F.3d at 740 ("Simic's lack of standing to seek injunctive relief also means that she may not seek that relief on behalf of the putative class she alleged in her complaint."); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 U.S. Dist. LEXIS 61107 (N.D. Ill. 2017).

While there is a split of authority on the question of whether consumer plaintiffs claiming they were deceived can pursue injunctive relief when they are aware of the deceptive practice at issue, s*ee, e.g., Mednick v. Precor*, 2016 U.S. Dist. LEXIS 132038 (N.D. Ill. 2016) (noting the split in authority); *Bohn v. Boiron, Inc.*, 2013 U.S. Dist. LEXIS 107928 (N.D. Ill. 2013); 1 *McLaughlin on Class Actions* § 4.28 (13th ed. 2016) ("Though a minority view disagrees, most courts to address the question have ruled that a plaintiff who is a former customer who provides no concrete basis to conclude that he or she will purchase the product at issue in the future (so that they be subject to the challenged practice) lacks standing to pursue injunctive relief on behalf of a consumer class because the plaintiff is unlikely to suffer future harm."), after reviewing the split in authority, the court in *In re Herbal* agreed with those cases concluding that plaintiffs like those in the current case lack standing to pursue injunctive relief. *In re Herbal* at \*33-37.

In *Bohn v. Boiron, Inc.*, for example, the plaintiff alleged that the defendant's product, Oscillo, which purportedly relieved flu-like symptoms, was "a dose of sugar and nothing else" and that "had she 'known the truth about Defendants' misrepresentations and omissions, including that the scientific evidence demonstrated that [Oscillo] was not effective as represented by Defendants[,] *Plaintiff would not have purchased Defendants' Product*.'" 2013 U.S. Dist. LEXIS 107928 (emphasis in original) (alterations in original) (quoting the amended complaint at issue). Because of

this, the plaintiff could not establish standing to obtain an injunction because she did not face a "real and immediate threat" of future harm. *Id.* (quoting *Lyons*, 461 U.S. at 102); *see also Mednick*, 2016 U.S. Dist. LEXIS 132038, (finding "*Bohn* and its line of cases persuasive'); *Langan v. Johnson & Johnson Consumer Cos.*, 2017 U.S. Dist. LEXIS 35703 (S.D.N.Y. 2017); *Taylor*, 2017 U.S. Dist. LEXIS 22875 ("Here, Ms. Taylor's economic injury is rooted in Nike's alleged deception; without such deception, she would not have purchased the merchandise or paid as much as she did. By virtue of her past injury, however, Ms. Taylor is now aware of any false pricing scheme in which Nike might be engaged. Therefore, she cannot demonstrate 'the imminent prospect of future jury' because she can no longer be deceived."); *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 564-65 (S.D.N.Y. 2016); *McLaughlin on Class Actions, supra*, § 4.28 ("When the claim relates to a product or service purchased or used, a plaintiff who disclaims an intention of purchasing the product or service in the future lacks standing to seek prospective injunctive relief or represent a class pursuing such relief.").

Moreover, beyond the persuasive force of *Bohn* and similar cases, the Seventh Circuit appears to endorse dismissal of plaintiff's claims for injunctive relief as well. In *Camasta v. Jos. A Bank Clothiers*, the plaintiff brought a consumer fraud action based on the defendant's allegedly fraudulent sales technique. 761 F.3d 732, 734-35 (7th Cir. 2014). He claimed that had he known the truth, he would not have purchased the defendant's products. *Id.* at 735. The court explained that the plaintiff's claim did not entitle him to injunctive relief because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Id.* at 740-41 (alteration in original) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 49 (1974)). *Camasta* uses the language of Article III standing (*i.e.*, "case or controversy"), cites *O'Shea* (an Article III standing case), and "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits," *Lance v. Coffman*, 549 U.S. 437, 439, (2007) (per curiam) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)). Thus, *Camasta* dealt with Article III standing. Even if *Camasta* were

36

dicta, as the court found in *Le v. Kohls Department Stores, Inc.*, 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016), it is persuasive.

Here, based on the complaint, there is no indication of a future threat of harm to plaintiff and under *Camasta* as well as the persuasive reasoning set forth above, he cannot pursue injunctive relief because he faces no real immediate threat of future injury. Therefore, plaintiff's claims for injunctive relief should be dismissed or stricken.

## III.    CONCLUSION

Plaintiff's entire complaint, including Count I, fails to comply with Rule 9(b) and fails to allege a required misrepresentation with particularity. Therefore, Count I, as well as the entire complaint, should be dismissed pursuant to Rule 12(b)(6). Plaintiff's complaint should also be dismissed pursuant to Rule 12(b)(1), in part, to the extent it involves allegations regarding products that the plaintiff did not purchase due to lack of Article III standing. Plaintiff's complaint should also be dismissed pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), in part, as to all claims based on non-Illinois laws. All claims brought on behalf of a nationwide class should be dismissed or stricken because there are obviously impossible variances and conflicts between the consumer fraud, express warranty, implied warranty and unjust enrichment laws of 51 different jurisdictions rendering class treatment impossible. Additionally, all class allegations involving putative out-of-state class members should likewise be stricken pursuant to Rule 12(b)(2) because this district clearly holds that there is no personal jurisdiction over defendant as to these claims. Count II alleging breach of express warranty should be dismissed due to plaintiff's failure to allege pre-suit notice. Count III should likewise be dismissed due to plaintiff's failure to allege pre-suit notice and lack of contractual privity. Count IV should be dismissed because it is tied to plaintiff's Count I and thus fails for the same reasons Count I fails. Finally, plaintiff's requests for injunctive relief should be dismissed and/or stricken pursuant to Rules 12(b)(1) and 12(b)(6).

301855299v1 1007732

Respectfully submitted,


HINSHAW & CULBERTSON LLP


s/ *Todd P. Stelter*
_____
Todd P. Stelter
One of Defendant's Attorneys

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com

301855299v1 1007732

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

VLADISLAV BAZER, individually on behalf of a)
class of similarly situated individuals, )
            )
    Plaintiff, )
            )
    vs. )    Case No.: 1:18-cv-02560
            )
BREW DR. KOMBUCHA, LLC, an Oregon )   Judge Alonso
limited liability company, )
            )
    Defendant. )

## CERTIFICATE OF SERVICE

   I, Todd P. Stelter, an attorney, certify that I shall cause to be served a copy of **Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(6) and to Strike Claims** upon the below listed individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid,., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **May 15, 2018.**

☒  CM/ECF         *To All Parties of Record*
☐  Facsimile
☐  Federal Express
☐  Regular U.S. Mail
☐  Messenger
☐  E-Mail

            HINSHAW & CULBERTSON LLP

Todd P. Stelter         s/ *Todd P. Stelter*
HINSHAW & CULBERTSON LLP    Todd P. Stelter
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
tstelter@hinshawlaw.com

301855299v1 1007732