IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VLADISLAV BAZER, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 18 C 2560 |
| v. | ) ) | Judge Jorge L. Alonso |
| BREW DR. KOMBUCHA, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion to dismiss [14] is granted in part and denied in part. Plaintiff's claims for breach of warranty and injunctive relief are dismissed, and his nationwide class allegations are stricken, although plaintiff may seek leave to amend his complaint if he learns facts justifying an amendment consistent with this ruling. The motion is otherwise denied.

**STATEMENT**

Plaintiff Vladislav Bazer has filed a class action complaint, asserting state-law claims of statutory consumer fraud, breach of express and implied warranty, and unjust enrichment. Plaintiff's complaint is based on allegations that defendant Brew Dr. Kombucha, LLC's drink product contains less probiotic bacteria than advertised. According to the complaint, at a Whole Foods store in Chicago, Illinois, in January 2018, plaintiff purchased two of defendant's kombucha tea drink products, called "Love" and "Clear Mind," which were labeled as having "billions of probiotic bacteria, beneficial yeasts, and organic acids" and "billions of beneficial bacteria, yeasts, and organinc acids," respectively. (Compl. ¶¶ 23-26, ECF No. 1-1.) "Kombucha" tea is made by adding bacteria to tea and allowing the mixture to ferment, resulting in a drink with supposed

health benefits derived from the probiotic bacteria that drives the fermentation process. (*Id.* ¶¶ 12-16.) Plaintiff purchased defendant's drinks for the supposed health benefits of the probiotic bacteria, but testing revealed that, far from containing "billions" of bacteria, the "Clear Mind" drink contained only about 50,000 colony-forming units ("CFUs") of probiotic bacteria per bottle, and the "Love" drink contained only about 161,000. (*Id.* ¶¶ 24, 27, 29, 30.) Plaintiff claims that the labeling of defendant's drinks is misleading not only because the drinks contain far less than the "billions" of probiotic bacteria the labels describe, but also because their actual bacteria content is nowhere near the level necessary to provide any health benefits, which is at least 1 billion CFUs. (*Id.* ¶¶ 16-18, 28-30.) Plaintiff alleges that, because defendant produced all of its kombucha drink products and their product labeling, it knew or should have known at all relevant times that its kombucha drinks did not contain "billions" of bacteria, but it marketed its product using that misrepresentation, with the intent that consumers rely on it. (*Id.* ¶¶ 46-47.)

Plaintiff purports to bring this action against defendant on behalf of himself, a nationwide class of all others who purchased defendant's kombucha drinks within the applicable statute of limitations, and a subclass of all who purchased defendant's kombucha drinks in Illinois in the last three years. (*Id.* ¶ 34.) His complaint is comprised of four counts: Count I, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 502/2, and similar laws of other states; Count II, breach of express warranty; Count III, breach of implied warranty of merchantability; and Count IV, unjust enrichment.

Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6) and to strike certain allegations. Defendant's arguments can be summarized as follows: (1) plaintiff fails to state a plausible claim of consumer fraud with particularity under Federal Rules of Civil Procedure 8 and 9(b); (2) plaintiff has no standing to assert claims involving

products not purchased; (3) plaintiff's nationwide class allegations should be dismissed or stricken because plaintiff has no standing to represent class members outside of Illinois; (4) plaintiff's breach of warranty claims should be dismissed for lack of pre-suit notice; (5) plaintiff's breach of implied warranty claim should be dismissed, alternatively, for lack of privity; (6) plaintiff's unjust enrichment claim fails for the same reason his consumer fraud claim fails; and (7) plaintiff's request for injunctive relief should be dismissed or stricken.

## I. LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To do so, the plaintiff must "plead[] facts that make the allegation of fraud plausible." *United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014). The complaint must state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). Stated differently, it must provide the "who, what, where, when and how" of the alleged misrepresentations. *Bank of Am., Nat. Ass'n, v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). However, Rule 9(b) permits "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally"; that is, allegations of intent or other mental states need only meet the plausibility standard set by Rule 8 and described in *Twombly* and *Iqbal*, not Rule 9(b)'s higher particularity standard. *See Iqbal*, 556 U.S. at 686-87.

"Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject-matter jurisdiction, such as lack of standing." *Bohn v. Boiron, Inc.*, No. 11 C 8704, 2013 WL 3975126, at *2 (N.D. Ill. Aug. 1, 2013). Where a defendant seeks dismissal under Rule 12(b)(1) because the complaint lacks sufficient allegations to establish standing, courts should evaluate the sufficiency of the allegations by "us[ing] *Twombly–Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). A motion to dismiss under Rule 12(b)(2) challenges whether the court has personal jurisdiction over a party. The court

takes well-pleaded allegations of the complaint as true unless they are refuted by the defendant in an affidavit. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

## II. FAILURE TO STATE A CLAIM

Defendant argues that plaintiff fails to state a claim in Count I because he fails to allege a misrepresentation with particularity under Federal Rule of Civil Procedure 9(b) and because his consumer fraud claim merely duplicates his breach of warranty claims. The Court disagrees.

Plaintiff's allegations must reveal "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff,'" but plaintiff need not go so far as to "plead facts showing that the representation is indeed false." *Bankers Tr.*, 959 F.2d at 683 (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)). Plaintiff has copied the product labels that contain the alleged misrepresentations into his complaint (Compl. ¶ 26), and he has described the circumstances of his purchase of those products. In doing so, he has provided the "who, what, when, where, and how" of the alleged misrepresentation. This is all that Rule 9(b) requires. *See United States ex. rel. Sloan v. Waukegan Steel, LLC*, No. 15 C 458, 2018 WL 1087642, at *4 (N.D. Ill. Feb. 28, 2018) (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). Plaintiff's claim meets the particularity standard of Rule 9(b).

As for whether the consumer fraud claim is merely a breach of warranty claim "in different garb," *Lambert v. Dollar Gen. Corp.*, No. 16 C 11319, 2017 WL 2619142, at *6 (N.D. Ill. June 16, 2017), it is not.[1] The parties appear to agree that Illinois law applies to plaintiff's claim, and "Illinois courts . . . have recognized ICFA claims where a seller knowingly fails to disclose a defect

---

[1] The Court acknowledges that it previously adopted *Lambert*'s reasoning to reach a different decision in a similar situation. *See Parrot v. Family Dollar, Inc.*, No. 17 C 222, 2018 WL 2118195, at *3-4 (N.D. Ill. May 8, 2018).

5

in a product[,] despite the fact that the plaintiff's claims are governed by a warranty; what matters is the defendant's knowing failure to disclose that the product is defective." *Muir v. Nature's Bounty, Inc.*, No. 15 C 9835, 2017 WL 4310650, at *5 (N.D. Ill. Sept. 28, 2017) (citing *Pappas v. Pella Corp.*, 844 N.E.2d 995, 999-1001 (Ill. App. Ct. 2006)). For example, in *Pappas v. Pella Corp.*, the plaintiffs alleged that the defendant "Pella knew its aluminum clad windows would allow water to enter, causing wood rot and deterioration, and failed to disclose these [material] facts to plaintiffs prior to their purchase of the windows." 844 N.E.2d at 999. The Illinois Appellate Court distinguished the consumer fraud claim, supported by allegations that Pella "knowingly withheld material facts about its windows," from a breach of warranty claim, which would have depended on allegations that Pella "breached . . . promises" to the plaintiffs. *Id.*; *see id.* at 1000-01. Further, Rule 9(b) permits allegations of a defendant's scienter to be made generally, rather than with particularity, and they are sufficient to support a claim so long as the claim as a whole is plausible. *See Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.*, 936 F. Supp. 2d 933, 949 (N.D. Ill. 2013) (denying motion to dismiss ICFA claim that was based not only on the breach of a contractual promise but also on the "additional allegation" that the defendant knowingly failed to disclose a defect to the plaintiff).

Plaintiff alleges that defendant produced its kombucha products and their labels itself, and it knew or should have known that the products did not contain "billions" of bacteria or even one billion CFUs, although at least a billion CFUs of bacteria were necessary to produce the supposed health benefits that made kombucha attractive to consumers. These allegations are sufficient to state an ICFA claim because they describe misrepresentations in which defendant failed to disclose an alleged defect in its product, as in *Muir*, *Pella*, and *Al Maha*. The allegations may overlap with those underlying plaintiff's breach of warranty claims, but they contain an additional element of a

materially deceptive misrepresentation that was at least recklessly made, and therefore they do not merely duplicate a breach of warranty claim. *See Gubala v. CVS Pharmacy*, *Inc.*, No. 14 C 9039, 2016 WL 1019794, at *17 (N.D. Ill. Mar. 15, 2016) ("[E]even if CVS did not enter into a contract with [plaintiff] promising 26 grams of whey protein, he was misled by the Product label into believing that was what he was getting when he purchased the Product."). Defendant's motion to dismiss Count I for failure to state a claim under the ICFA is denied.

### III. STANDING TO ASSERT CLAIMS FOR PRODUCTS NOT PURCHASED

Defendant argues that plaintiff's claims should be dismissed to the extent they involve products plaintiff did not purchase. As currently pleaded, plaintiff's complaint does not contain any claims based on products that plaintiff did not purchase. The complaint vaguely refers to "various" other kombucha drinks defendant sells, but plaintiff does not describe them or their labeling or otherwise appear to base his claims on them, which distinguishes this case from many of the cases defendant has cited. *Cf., e.g.*, *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *2 (N.D. Ill. June 21, 2012) ("Padilla alleges that Costco sold Kirkland products, specifically Glucosamine Chondroitin and Glucosamine with [Methylsulfonylmethane], with product labels and/or packaging containing deceptive misrepresentations and omissions[, but] Padilla concedes that he has not alleged that he purchased Glucosamine Chondroitin.").

Defendant appears to be anticipating that plaintiff will attempt to represent unnamed class members who purchased varieties of defendant's kombucha that plaintiff did not purchase. Without admitting whether he has the same expectation, plaintiff argues that he may do so as long as "the alleged misrepresentations are substantially similar," *see Carrol v. S.C. Johnsons & Son, Inc.*, No. 17 C 05828, 2018 WL 1695421, at *4 (N.D. Ill. Mar. 29, 2018) (quoting *Mednick v. Precor, Inc.*, No. 14 C 3624, 2014 WL 6474915, at *3 (N.D. Ill. Nov. 13, 2014)).

Based on the present allegations, which do not describe any product other than the two plaintiff purchased, the Court doubts whether the issue is ripe for resolution at this early stage. But even if it were, the Court tends to agree with plaintiff that plaintiff can represent any consumer who purchased one of defendant's kombucha products labeled as containing "billions" of bacteria, but actually containing CFUs only in the hundreds of thousands at most, because any such product would cause the consumer the same injury that plaintiff suffered. *See Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *6 (N.D. Ill. Aug. 18, 2017) ("The alleged misrepresentations are the same, they all relate to the Products' quantity of protein, which 'fill[s] the same function' in each Product and is 'used in the same manner' in each Product, and the protein claims are 'inaccurate' in 'the same manner on every' Product.") (quoting *Mednick*, 2014 WL 6474915, at *4). Defendant's motion is denied as to this argument.

### IV. NATIONWIDE CLASS ALLEGATIONS

Defendant moves to strike plaintiff's nationwide class allegations, arguing that plaintiff resides in Illinois, he purchased the kombucha products in Illinois, and Illinois law applies to his claims; therefore, he cannot assert claims on behalf of nonresident class members, whose claims are likely to be governed by the law of the states in which they reside and where they purchased defendant's kombucha. Defendant's argument is based on a number of legal theories: plaintiff has no standing to represent nonresident class members in this case because they suffered a different injury; allowing plaintiff to represent a class including nonresident defendants in this case would not satisfy the requirments of Federal Rule of Civil Procedure 23, particularly its typicality, adequacy, and predominance requirements; and the Court has no personal jurisdiction over nonresident defendants based on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781-82 (2017).

In response, plaintiff argues that the issue of whether he can represent nonresident class members, whether that is characterized as an issue of standing or of Rule 23 requirements, should be reserved for the class certification stage of this case. *See Carrol*, 2018 WL 1695421, at *5. He also argues that *Bristol-Myers Squibb* does not apply because it was a direct mass tort action, not a class action.

Putting *Bristol-Myers Squibb* and personal jurisdiction to one side, it appears that defendant's jumble of arguments reflects the fact that courts have taken different approaches, both procedurally and substantively, toward the issue of a named class representative in one state purporting to represent unnamed class members who reside in other states and whose claims are governed by those states' laws. Some have conceived of it as fundamentally an issue of standing, while others consider it an issue of whether the named plaintiff is an appropriate representative of the class; some have considered the issue to be premature until the case reaches the class certification stage, while others see fit to address it at the pleading stage. *See Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 998-1002 (N.D. Ill. 2017) (collecting cases and tracing different approaches). The Court need not unravel this conceptual tangle in this case, however, because no matter which perspective one takes, "there is plainly ample reason at this juncture to question whether [plaintiff] will be able to pursue claims based on statutory causes of action created by states where [plaintiff] neither lived nor was injured." *Id.* at 1001. As the Seventh Circuit has explained, "[n]o class action is proper unless all litigants are governed by the same legal rules," because "[o]therwise the class cannot satisfy the commonality and superiority requirements" of Rule 23. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). Defendant has taken great pains to demonstrate in its voluminous opening brief that "state laws about theories such as those presented by our plaintiff[] differ, and such differences have led" the Seventh Circuit

9

to hold that other consumer fraud suits "may not proceed as nationwide classes." *See id.* (citing *Isaacs v. Sprint Corp.*, 261 F.3d 679 (7th Cir. 2001); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001); *In re Rhone–Poulenc Rorer Inc.*, 51 F.3d 1293 (7th Cir. 1995)); *Dolmage v. Combined Ins. Co. of Am.*, No. 14 C 3809, 2017 WL 1754772, at *5-6 (N.D. Ill. May 3, 2017) (citing *Bridgestone/Firestone*). Where claims must be adjudicated under the differing laws of numerous jurisdictions, it is likely that "a single nationwide class is not manageable." *Bridgestone/Firestone*, 288 F.3d at 1018.

There is only one named plaintiff in this case, and his injury took place in Illinois, where he resides and where he purchased the offending kombucha. Under these circumstances, "it would . . . be inappropriate to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiff's] ability to assert causes of action created by other states for the benefit of other individuals injured in those other states." *Liston*, 254 F. Supp. 3d at 1001-02. The Court strikes plaintiff's nationwide class allegations, although plaintiff may move to amend his complaint if circumstances arise to support it, such as the identification of additional class representatives in other jurisdictions or some ground for believing that class members reside in jurisdictions from which a manageable multi-state class can be fashioned.

## V. BREACH OF WARRANTY AND PRE-SUIT NOTICE

Defendant argues that plaintiff's breach of express and implied warranty claims must be dismissed because plaintiff did not provide pre-suit notice. The Court has previously explained the pre-suit notice requirement applicable to breach of warranty claims under Illinois law, as follows:

> A "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach" prior to filing suit "or be barred from any remedy . . . ." 810 ILCS 5/2-607(3)(a); *see also Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 492-95 (Ill. 1996) (stating that "even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble

10

> with the particular product purchased by a particular buyer"). Pre-litigation notice is not required when a party alleges a physical injury or when the defendant had actual knowledge of the product's defect. *Ibarrola v. Kind, LLC*, 83 F.Supp.3d 751, 760 (N.D. Ill. 2015) (citing *Connick*, 675 N.E.2d at 591).

*Parrot v. Family Dollar, Inc.*, No. 17 C 222, 2018 WL 2118195, at *2 (N.D. Ill. May 8, 2018). The notice requirement applies to warranties generally, regardless of whether the warranty is express or implied. *Id.* (citing *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (1998)).

Plaintiff responds that defendant must have had actual knowledge of the defect, since it surely knew the details of the production of its own kombucha, but this misses the point. "The purpose of the pre-suit notice requirement is to give sellers the opportunity to resolve breaches short of litigation, but if sellers are not apprised of 'the trouble with a particular product purchased by a particular buyer,' regardless of whether they are generally 'aware of problems with a particular product line,' then they have no opportunity to resolve that buyer's problem before litigation ensues." *Ulrich*, 2017 WL 3581183, at *8 (quoting *Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 WL 5234596, at *9 (N.D. Ill. Sept. 22, 2016)). Even if defendant knew that its kombucha did not have "billions" of CFUs of bacteria, it did not know that plaintiff was dissatisfied with his purchase until he filed this lawsuit, and therefore it did not receive the sort of pre-suit notice that Illinois law requires. Because plaintiff admits that it did not provide pre-suit notice to defendant, and because defendant did not have actual knowledge of his grievance, plaintiff's breach of warranty claims are dismissed.

## VI. UNJUST ENRICHMENT

Defendant argues that plaintiff's unjust enrichment claim stands or falls with his ICFA claim, and it must fail for the same reasons the ICFA claim must fail. Because the Court has determined that the ICFA claim survives dismissal, the unjust enrichment claim also survives. *See*

*Biffar v. Pinnacle Foods Grp., LLC*, No. 16-0873-DRH, 2016 WL 7429130, at *6 (S.D. Ill. Dec. 22, 2016); *cf. Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 934 (N.D. Ill. 2015).

## VII. INJUNCTIVE RELIEF

In order to establish Article III standing, a plaintiff must show the following: he has suffered an injury-in-fact that is both (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; the injury is fairly traceable to the challenged action of the defendant; and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A "concrete" injury must be "*de facto*"; that is, it must actually exist. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016). "Past exposure to illegal conduct does not in itself [provide standing to seek] injunctive relief . . . if unaccompanied by any continuing, present adverse effects," *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974), or by "a sufficient likelihood that [plaintiff] will again be wronged in a similar way," *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Defendant argues that plaintiff has no standing to seek injunctive relief because he is now aware of defendant's alleged deception, and therefore unlikely to be fooled by defendant's products' deceptive labeling.

> The Court agrees with defendant. As the Court has previously explained:
>
> Most courts to have considered the issue agree with [defendant] that consumer plaintiffs cannot pursue injunctive relief if they are already aware of the alleged deceptive practice. *See in re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15 CV 5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (citing 1 *McLaughlin on Class Actions* § 4.28 (13th ed. 2016) ("[M]ost courts . . . have ruled that a plaintiff who is a former customer who provides no concrete basis to conclude that he or she will purchase the product at issue in the future . . . lacks standing to pursue injunctive relief on behalf of a consumer class because the plaintiff is unlikely to suffer future harm.")); *see also Mednick*, 2016 WL 5390955, at *9; *Bohn*, 2013 WL 3975126, at *4. This Court is persuaded by the reasoning of these

>   decisions. If plaintiff is aware of [defendant's] allegedly deceptive practice, then he faces no "'real and immediate threat'" that [defendant's] misleading labels will deceive him again in the future. *Bohn*, 2013 WL 3975126, at *3 (quoting *Lyons*, 461 U.S. at 102). Plaintiff cites cases to the contrary in his response brief, but the Court agrees with defendant that these cases are unpersuasive to the extent they reason that a plaintiff's standing to pursue injunctive relief may be premised on "the prospect that *other* consumers may be deceived by" the defendant's products. *See Bohn*, 2013 WL 3975126, at *3 ("'[A]s important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of . . . consumer protection laws.'") (quoting *Mason v. Nature's Innovation, Inc.*, No. 12 CV 3019, 2013 WL 1969957, at *5 (S.D. Cal. May 13, 2013)).
>
>   The Seventh Circuit seems likely to agree, based on its reasoning in a similar context that a plaintiff who was already aware of the defendant's deceptive sales practices could not obtain injunctive relief because he "is not likely to be harmed in the future." *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014) ("'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.'") (quoting *O'Shea*, 414 U.S. at 495). Although plaintiff cites a decision that has dismissed this portion of *Camasta* as *dicta*, *see Le v. Kohls Dep't Stores, Inc.*, 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016), the Court finds the Seventh Circuit's reasoning compelling, regardless of whether it is *dicta*. *See in re Herbal Supplements*, 2017 WL 2215025, at *8 ("Even if *Camasta* were *dicta*, as the court found in [*Le*], it is persuasive."). Plaintiff lacks standing to pursue injunctive relief against [defendant].

*Ulrich*, 2017 WL 3581183, at *7. These principles apply equally in this case, and they require the same result. Plaintiff's claim for injunctive relief is dismissed.

**SO ORDERED.**

ENTERED: January 15, 2019

_____
**HON. JORGE ALONSO**
**United States District Judge**

13